United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Miguel Joaquin Marcos, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-22733-Civ-Scola |
| | ) |
| Alamos Towing Corp. and Jose M. Alamo, Defendants. | ) |

**Order Dismissing Case**

  This is the second time this Court has had occasion to dismiss this case for Plaintiff Miguel Joaquin Marcos's failure to comply with the Court's orders. The first time the Court dismissed this case was because Marcos failed to timely seek a clerk's default. (ECF No. 14.) Immediately thereafter, Marcos's lawyer, Elliot Kozolchyk, of Koz Law, P.A., asked this Court to relieve him of the dismissal and final judgment, blaming the missed deadline on both a miscalendaring and his affliction with the flu. (Pl.'s Mot., ECF No. 15.) The Court granted the motion, vacating the judgment and reopening the case. (Order Reopening Case, ECF No. 17.) In reopening the case, the Court noted that it was then entering the fifth order necessitated by "counsel's laggard approach to prosecuting his client's case." (*Id.* at 1.) The Court pointed out to Kozolchyk that his lackluster lawyering inflicts "an inordinate strain on the Court's limited resources—resources that could be better spent on matters in which attorneys care about meeting deadlines and proactively attending to their clients' cases." (*Id.*) The Court also warned Kozolchyk to "seriously reconsider his approach to the way he litigates cases." (*Id.*) It appears the Court's admonishments have fallen on deaf ears.

  After Marcos attained clerk's defaults against both defendants, the Court ordered him to take one of two actions by November 11, 2019: either (1) file a motion for default judgment in the event there was, at that point, no possibility of inconsistent judgments; or (2) file a notice of joint liability, in the event there *was* a possibility of inconsistent judgments. (ECF No. 20.) On November 11, Marcos filed a notice of liability but without any indication that there is a possibility of inconsistent judgments. Further, despite the Court's order that Marcos move for the entry of default judgment, again, within fourteen days after the resolution of liability as to both defendants, he has not done so—once more in direct violation of the Court's order.

  Based on Marcos's repeated failures to comply with the Court's orders, despite the Court's clear warnings that continuing to do so would result in the

dismissal of his case,[1] Marcos's violations and Kozolchyk's slapdash approach to prosecuting his case persist. The Court finds Marcos, through counsel, has once again disregarded a court order despite pointed forewarnings not to do so and therefore, for the second time, dismisses his case. *See LaFavors v. Thayer*, 706 Fed. App'x 489, 492 (11th Cir. 2017) ("When a party disregards a court order despite forewarning that dismissal could result, a subsequent dismissal is generally not an abuse of discretion.")

At the same time, the Court recognizes the drastic effect a dismissal with prejudice would have on Marcos himself considering the harm appears to be borne wholly of his lawyer's failings. *But see Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (finding a party "cannot . . . avoid the consequences of the acts or omissions of this freely selected agent" when he "voluntarily chose this attorney as his representative in the action"). The Court therefore dismisses Marcos's case *without prejudice* to his refiling a new case once his counsel, or other counsel, is prepared to proceed expeditiously and in accordance with the rules set forth by the Court assigned to his case.

In sum, the Court, for the second time, **dismisses** this case, albeit **without prejudice**, and directs the Clerk of the Court to **close** the matter. Any pending motions are denied as moot.

**Done and ordered** at Miami, Florida, on December 11, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] In its order reopening this case, the Court unambiguously warned Marcos, in bold, that if he failed to timely seek default in this case, the Court would dismiss his action with prejudice. (Order, ECF No. 17, 1.) Both before and after that the Court had warned Marcos about the consequences of failing to timely seek default as well. (Order, ECF No. 12 ("If the Plaintiff fails to timely seek a Clerk's default or a default judgment, the Court may dismiss this action, without prejudice, for failure to prosecute."); Order, ECF No. 20 ("Plaintiff's failure to file for a Motion for Default Judgment or Notice of Joint Liability within the specified time will result in a dismissal without prejudice as to these Defendants.")